**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**R. ALEXANDER ACOSTA, Secretary of Labor,**                                        **PLAINTIFF**
**United States Department of Labor**

**v.**                                         **Case No. 3:16-cv-000273 KGB**

**BAILEY PICKER REPAIR and**
**BURLEY GLENN BAILEY, individually and jointly**                              **DEFENDANTS**

## CONSENT JUDGMENT

Before the Court is plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor's motion to enter the consent judgment (Dkt. No. 7).  For good cause shown, Secretary Acosta's motion is granted (*Id.*).

Secretary Acosta ("Plaintiff") has filed his complaint and Bailey Picker Repair and Burley Glen Bailey ("Defendants"), without admitting or denying that they have violated any provision of the Fair Labor Standards Act of 1938 or admitting to or denying any of the allegations in the complaint, as amended, have agreed to the entry of judgment without contest.  It is, therefore, upon motion of the Plaintiff and for cause shown, ordered that Bailey Picker Repair and Burley Glen Bailey, their officers, agents, servants, employees and all persons in active concert or participation with them be permanently enjoined from violating the provisions of Sections 7 and 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("the Act"), in any of the following manners:

1.        Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee

receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve accurate records of the persons employed by them, and the wages paid, hours worked, and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

3. Defendants are enjoined from withholding overtime compensation and liquidated damages in the amount of $40,000.00, which is due to Defendants' employees named in "Exhibit A" for the period February 11, 2014, through February 10, 2016. Defendants shall comply with this provision on or before September 15, 2017, by delivering to the Plaintiff one (1) cashier's or certified check or money order payable to "Wage and Hour Division, U.S. Department of Labor" mailed to U.S. DOL Wage Hour Division, Southwest Regional Office, Attn: Teronika Gaines, 525 Griffin, Suite 800, Dallas, Texas 75202.

4. Plaintiff shall make appropriate distribution to the employees, or their estate if necessary, less income tax and social security deductions. In the event that any of the money cannot be distributed and paid by Plaintiff within three (3) years because of inability to locate the proper persons or because of their refusal to accept, the money shall be deposited with the Treasurer of the United States. In the event of default by the Defendants, the total balance shall then become due and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. § 1961 from the date of this judgment until the total amount is paid in full. Any defaulted balance shall be subject to the assessment of collection fees, court costs, and administrative costs.

5.     The right of Defendants' employees not specifically named in Exhibit A to bring an action under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.  § 216(b), shall be restored, and neither the filing of this action nor the entry of this judgment shall bar an action, and the statute of limitations in such action shall be governed by 29 U.S.C. §255(a).  The parties agree the filing of this action and provisions of this judgment shall not be interpreted to prejudice or preclude the rights of the Secretary of Labor, or any employees of Defendants, in any action filed by the Secretary of Labor, or by an employee, under the Act covering violations alleged to have occurred after February 11, 2014.

6.     Each party agrees to bear his or her own attorneys' fees, costs, and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 24th day of August, 2017.

_____
Kristine G. Baker
United States District Judge

**For Plaintiff:**

/s/ Karla Jackson Edwards
_____
KARLA JACKSON EDWARDS
Counsel for Plaintiff
U. S. Department of Labor
Office of the Solicitor
525 S. Griffin Street, Suite 501
Dallas, Texas 75202
Phone: 972-850-3125
Facsimile:  972-850-3101

**For Defendants:**

/s/ Burley Glenn Bailey
_____
BURLEY GLENN BAILEY, Individually
and on Behalf of Bailey Picker Repair

/s/ Arlon Woodruff
_____
ARLON WOODRUFF
Counsel for Defendants
Woodruff Law Firm, P.A.
204 Cobean Blvd.
P.O. Box 500
Lake City, AR 72437
Phone:  870-237-4300
Facsimile:  870-237-8865

## EXHIBIT A

1.    Berry, Randy

2.    Bye, David

3.    Grant, Josh

4.    Grooms, Anthony

5.    Grooms, Jessie

6.    Hellenthal, Brandon

7.    Hotchkiss, Brandon

8.    Potter, Brandon

9.    Whaley, James

10.    Williams, Thomas